UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| ROBERT MENDENHALL, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | NO. 3:14-cv-1931 |
| | ) | JUDGE CRENSHAW |
| MICHAEL PARRIS, Warden, | ) | |
| Respondent. | ) | |

## MEMORANDUM

Petitioner is an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Michael Parris, Warden of the facility, seeking a writ of habeas corpus.

### I. Background

The Petitioner was charged in two separate indictments with solicitation to commit first degree murder (2 counts)(2006-A-231), theft of property (2 counts) and securities fraud (4 counts)(2006-C-2134). On January 22, 2007, he entered a guilty plea in the Criminal Court of Davidson County to the solicitation to commit murder charges, theft of property and two counts of securities fraud. Doc. No. 35-1 at pgs. 13-19. For these crimes, the Petitioner received an effective sentence of forty (40) years in prison. *Id.* at pgs. 20-25.

Having pled guilty, there was no direct appeal of the convictions taken by the Petitioner. Instead, he filed a *pro se* Petition for post-conviction relief in the Criminal Court of Davidson County. *Id.* at pgs. 26-60.

1

Counsel was appointed and the Petitioner filed an amended post-conviction Petition. Following an evidentiary hearing, the trial court denied the Petitioner post-conviction relief. *Id.* at pgs. 82-131. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Doc. No. 35-8. The Tennessee Supreme Court later denied Petitioner's request for additional post-conviction review. *Id.*

## II. Procedural History

On October 1, 2014, the Petitioner initiated the instant action with the *pro se* filing of a Petition for writ of habeas corpus (Doc. No. 1). The Petition contains five claims for relief.[1] These claims include :

1) counsel was ineffective/Richard Tennent[2]
   a) for failing to interview and present various material witnesses;
   b) for failing "to properly investigate the State's witnesses and prepare for the State's 404(b) hearing";[3] and
   c) for failing to adequately investigate and prepare the case for trial;

2) counsel was ineffective/ Barry Tidwell, for failing to seek funds to hire an investigator who would debunk the false statements that led to the solicitation charges; and

3) the guilty plea was neither knowingly, voluntarily nor intelligently entered due to the ineffectiveness of counsel.

Upon its receipt, the Court conducted a preliminary examination of the Petition, as it is

---

[1] The claims are more fully discussed in a Memorandum of Law (Doc. No. 2) that was filed with the Petition.

[2] Petitioner was represented by Richard Tennent, a member of the Davidson County Bar, on the theft and securities fraud charges (2006-C-2134). Barry Tidwell, a member of the Rutherford County Bar, represented the Petitioner on the solicitation charges (2006-A-231).

[3] This is a hearing conducted pursuant to Rule 404(b), Tenn. Rules of Evidence, to determine whether evidence of crimes other than those being tried should be admissible at trial.

obliged to do, and determined that the Petitioner had stated a colorable claim for relief. Accordingly, an order (Doc. No. 9) was entered appointing counsel for the Petitioner and directing the Respondent to file an answer, plead or otherwise respond to the Petition. Rule 4, Rules - - - § 2254 Cases.[4]

The Petitioner, through counsel, filed an amended Petition (Doc. No. 25). The amended Petition incorporates those issues raised in the original Petition with two new claims. These claims are as follows :

    4)    it was error when the post-conviction judge refused to recuse herself; and

    5)    post-conviction counsel was ineffective/Paula Ogle Blair, for failing to raise the recusal issue on appeal.[5]

Presently before the Court are Respondent's Answer (Doc. No. 36), Petitioner's Reply (Doc. No. 39) to the Answer, Petitioner's Offer of Proof (Doc. No. 48), a Response (Doc. No. 53) to the Offer of Proof, and Petitioner's Reply to the Response (Doc. No. 55).

Having carefully considered the amended Petition, Respondent's Answer, and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* <u>Schriro v. Landrigan</u>, 550 U.S. 465, 474 (2007). Therefore, the Court shall dispose of the Petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

---

[4] The initial review was conducted by the Honorable William J. Haynes, Jr. The case was later transferred to the undersigned docket. Doc. No. 54.

[5] Ms. Blair was appointed to represent the Petitioner during the pendency of the post-conviction proceedings and is a member of the Davidson County Bar.

## III. Analysis of the Claims

### A.) Post-Conviction Claims

In order to sustain a claim for federal habeas corpus relief, the Petitioner must set forth factual allegations suggesting that the fact or duration of his incarceration is in some way constitutionally defective. 28 U.S.C. § 2254(a); Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). A state is not constitutionally required to provide convicted felons with a means by which they can collaterally attack their convictions. Pennsylvania v. Finley, 481 U.S. 551 (1987). Thus, a federal writ of habeas corpus will not issue when the Petitioner is merely challenging errors or deficiencies related to a state post-conviction proceeding. Kirby v. Dutton, 794 F.2d 245 (6th Cir. 1986).

The Petitioner has alleged two errors that occurred during his post-conviction proceedings, i.e., the trial judge erred by refusing to recuse herself (Claim No. 4) and post-conviction counsel was ineffective for failing to raise the recusal issue on appeal (Claim No. 5). Neither of these claims in any way suggests that the Petitioner's underlying convictions are invalid. Thus, these claims are not cognizable and are subject to dismissal.

### B.) Fully Exhausted Claims

The Petitioner's remaining claims (Claim Nos. 1a-c, 2 and 3) were fully exhausted during state post-conviction proceedings and were found to be without merit. *See* Doc. No. 35-8.

The availability of federal habeas corpus relief is limited with respect to claims that have been previously adjudicated on the merits in state court. Harrington v. Richter, 562 U.S. 86 (2011). When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or

involved an unreasonable application of federal law in light of the evidence. 28 U.S.C. § 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999).

In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the Petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). In short, the Petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington, *supra* at 562 U.S. 103.

### Ineffective Assistance of Counsel

The Petitioner alleges that both attorneys representing him prior to trial were ineffective. This ineffectiveness took the form of counsel's failure to interview and present material witnesses (Claim No. 1a), failure to properly investigate the State's witnesses and prepare for the 404(b) hearing (Claim No. 1b), failure to adequately investigate the case and prepare for trial (Claim No. 1c), and failure to obtain funds to hire an investigator to debunk the statements that led to the solicitation charges (Claim No. 2).

The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. Missouri v. Frye, 132 S.Ct. 1399, 1404 (2012). To establish a violation of this right, the Petitioner bears the burden of pleading and proving that his attorneys' performance

5

was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 466 U.S. 668 (1984). A deficiency occurs when counsel has acted in a way that falls below an objective standard of reasonableness under prevailing professional norms. *Id.* at 466 U.S. 688. Within the context of a guilty plea, prejudice is shown by demonstrating that "there is a reasonable probability that, but for counsels' errors, Petitioner would not have pleaded guilty and would have, instead, insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Where the issue is one of ineffective assistance, review under the Anti-Terrorism and Effective Death Penalty Act is "doubly deferential", Cullen v. Pinholster, 563 U.S. 170, 190 (2011), because counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, *supra* at 466 U.S. 690.

Both attorneys, along with the Petitioner, testified at the post-conviction evidentiary hearing. Counsel testified that he met with the Petitioner on numerous occasions to discuss the case. Doc. No. 35-2 at pg. 100. Counsel obtained the services of a forensic accountant to review the Petitioner's books. *Id.* at pg. 11. Counsel reviewed discovery with the Petitioner. *Id.* at pg. 12. The Petitioner gave counsel the names of individuals who might be of some help. *Id.* at pg. 13. Counsel attempted to track down these individuals to determine their value to the defense. *Id.* at pgs. 13-34. The forensic accountant was unable to provide favorable testimony after reviewing the Petitioner's books. *Id.* at pgs. 79-81. The Petitioner had prior theft convictions that would have been admissible for impeachment purposes. *Id.* at pg. 92. Counsel, after reviewing the case, did not think that an investigator would be needed to debunk the statements of solicitation that the

Petitioner claims are false. *Id.* at pg. 107. The Petitioner acknowledged that his best witness (the man who would exonerate him), William Pruitt, told counsel that he did not want to be involved in the case. *Id.* at pg. 150.

The Petitioner did not have any of his proposed witnesses testify at the evidentiary hearing, thus leaving the trial court to speculate as to their value to the defense. Counsel testified that they were prepared for trial. *Id.* at pgs. 68-69, 108. The trial judge found both counsel to be credible. Doc. No. 35-6 at pg. 75. The Petitioner has offered nothing but an averment that he would have gone to trial rather than enter a plea of guilty. In light of this, and giving the state court rulings their proper deference, the Petitioner has failed to establish that he was denied the effective assistance of counsel.

## Validity of the Guilty Plea

Finally, the Petitioner alleges that his guilty plea was neither knowingly, voluntarily nor intelligently entered due to the ineffectiveness of counsel (Claim No. 3).

A plea of guilty is valid if it was entered voluntarily and intelligently, Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005), as determined under the totality of the circumstances. Boykin v. Alabama, 395 U.S. 238, 242-244 (1969).

In his Petition to Enter Plea of Guilty, the Petitioner averred that he had not been pressured, forced, threatened or coerced to enter the plea. He further acknowledged being satisfied with his legal representation and that he made no claim of innocence. Doc. No. 35-1 at pgs. 13-18.

At sentencing, the Petitioner told the court that he had discussed everything about the case with his attorneys, that he was prepared to go to trial, that the guilty plea was his choice, and that he could not articulate anything further that his attorneys could have done for him. Doc. No. 35-4

7

at pgs. 28-32. He agreed that he was pleading guilty because he was in fact guilty of the charges. *Id.* at pg. 44.

The state courts held that the Petitioner had failed to establish, by clear and convincing evidence, that his guilty plea was entered unknowingly or involuntarily. Doc. No. 35-8 at pg. 8. The record supports this holding. Therefore, the Court finds no merit in this claim.

### IV. Conclusion

The petitioner has raised seven claims for relief. Of these, the two claims arising from Petitioner's post-conviction proceedings (Claim Nos. 4 and 5) are not cognizable in this action. The remaining claims (Claim Nos. 1a-c, 2 and 3) were properly exhausted in the state courts but were found to be without merit. The record supports this conclusion. Consequently, the amended Petition (Docket Entry No. 25) will be denied and this action shall be dismissed.

An appropriate order will be entered.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE